**AMERICAN ASSOCIATION OF MEAT PROCESSORS, etc., et al., Petitioners,**

v.

**Douglas M. COSTLE, etc., Respondent.**

**No. 77–1260.**

United States Court of Appeals, Eighth Circuit.

Submitted May 31, 1977.

Decided June 7, 1977.

Rehearing and Rehearing En Banc Denied July 14, 1977.

John J. Faust, St. Louis, Mo., Richard D. Siegel, Washington, D. C., for petitioners.

Alfred T. Ghiorzi and Lloyd S. Guerci, Land & Natural Resources Div., Pollution Control Sec., Dept. of Justice, Washington, D. C., and James C. Rogers, Office of Gen. Counsel, EPA, Washington, D. C., for respondent.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

On March 25, 1977, petitioners filed with this court, pursuant to 33 U.S.C. § 1369(b), a petition seeking review of the existing source effluent guidelines for the meat products point source category, promulgated by the Environmental Protection Agency pursuant to the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1251 et seq. The challenged guidelines were issued on February 28, 1974. *See* 40 C.F.R. Part 432 (1976). Respondent has moved to dismiss the petition as untimely, relying on the limitations provision of § 1369(b), which provides:

> Any such application shall be made within ninety days from the date of such determination, approval, promulgation, issuance or denial, or after such date only if such application is based solely on grounds which arose after such ninetieth day.

Petitioners concede that their petition was filed more than ninety days after promulgation of the guidelines, but assert that their petition is based on grounds arising after the ninetieth day, or, alternatively, that these same grounds provide an equitable basis for tolling the ninety-day limitations period.

The circumstances relied upon by petitioners are as follows. In 1974, the National Independent Meat Packers Association (NIMPA), which is not a party to the instant proceeding, timely filed a petition in this court to review the same guidelines challenged here.[1] Subsequently, in *CPC International Inc. v. Train*, 515 F.2d 1032 (8th Cir. 1975), this court held that effluent guidelines for existing sources are not reviewable in the courts of appeals under § 1369(b), but must be challenged in the district courts. Accordingly, NIMPA's petition was dismissed. *National Independent Meat Packers Ass'n v. EPA*, 517 F.2d 1407 (8th Cir. 1975). On October 14, 1975, petitioners commenced an action in the United States District Court for the District of Nebraska to review the guidelines here in question. On February 23, 1977, the Supreme Court, contrary to our holding in *CPC*, ruled that effluent guidelines for existing sources are reviewable in the courts of appeals. *E. I. duPont de Nemours & Co. v. Train*, 430 U.S. 112, 97 S.Ct. 965, 51 L.Ed.2d 204 (1977). Accordingly, on March 9, 1977, the district court dismissed petitioners' action.

The circumstances detailed above reveal that the period preceding the Supreme Court's decision in *duPont* was mark-

1. The American Association of Meat Processors was an amicus curiae in that action.

ed by substantial uncertainty as to the proper forum in which to seek review of existing source effluent guidelines. Petitioners, however, made no attempt to challenge the guidelines in any forum within ninety days after their promulgation. Therefore, we cannot say that the uncertainty noted above has so prejudiced petitioners that equitable considerations require that we toll the statute of limitations.[2] We also find that the circumstances recounted above do not constitute grounds arising after the ninetieth day within the meaning of § 1369(b). The provision allowing belated review was designed to accommodate challenges based on scientific information which was not available at the time the guidelines were promulgated. S.Rep. No. 92–414, 92d Cong., 1st Sess. (1971), *reprinted in* [1972] U.S.Code Cong. & Admin.News, pp. 3668, 3751.

The petition for review is dismissed.

---

2. The situation would be different had petitioners originally sought to challenge the guidelines in a timely manner. See *National Independent Meat Packers Ass'n v. EPA*, No. 74–1387 (8th

Cir., April 6, 1977) (unpublished), in which we recalled our mandate dismissing NIMPA's petition for review.