584 F.2d 862
 12 ERC 1335, 8 Envtl. L. Rep. 20,745
 HOMESTAKE MINING COMPANY, a corporation, of Lead, South
Dakota, Petitioner,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Douglas M.
Costle, Administrator, United States Environmental
Protection Agency, Alan Merson, Regional Administrator,
Region VIII, United States Environmental Protection Agency,
Respondents.
 No. 78-1454.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 3, 1978.
Decided Oct. 10, 1978.
 
 A. P. Fuller, Lead, S. D., for petitioner.
 James W. Moorman, Asst. Atty. Gen., Land and Natural Resources Div., Angus MacBeth, Chief, Pollution Control Section, Mark R. Sussman, Atty., Dept. of Justice, and Nancy Othmer, Atty., Water Quality Div., Washington, D. C., for respondents.
 Before LAY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Homestake Mining Company owns and operates a large gold mining and milling facility in the City of Lead, South Dakota. Its wastewater is discharged into Gold Run Creek, a tributary of Whitewood Creek, which has been classified as a cold water marginal fishery by the State of South Dakota.
 
 
 2
 On September 3, 1976, the Environmental Protection Agency issued Homestake a final National Pollutant Discharge Elimination System (NPDES) permit, which set specific effluent limitations requiring treatment to control pollutants in Homestake's wastewater discharge. See 33 U.S.C. §§ 1311(a), 1342. On February 7, 1978, Homestake requested a modification of its permit. The E.P.A. Regional Administrator denied Homestake's request on March 10, 1978, stating that E.P.A. found no basis in fact or law for Homestake's arguments and that Homestake had not presented any new evidence or factors which would support a request for modification. Homestake then filed a petition for review of the Administrator's decision in this court pursuant to 33 U.S.C. § 1369(b).
 
 
 3
 E.P.A. has moved to dismiss the appeal for lack of jurisdiction due to untimely filing of the petition for review.[1] The applicable time limit is found in 33 U.S.C. § 1369(b), which provides:
 
 
 4
 Any such application shall be made within ninety days from the date of such determination, approval, promulgation, issuance or denial, or after such date only if such application is based solely on grounds which arose after such ninetieth day.
 
 
 5
 E.P.A. points out that Homestake's NPDES permit was issued in September of 1976, and the 90-day period has long since expired. E.P.A. also argues that the exception to the time period, for an application based solely upon grounds which arose after the ninetieth day, does not apply. In response to Homestake's contention that it does not rely on the exception, but petitions for review of the February 1978 denial of its requests for modification, E.P.A. argues that Homestake did not present new issues and circumstances in its request for modification, and should not be allowed to litigate issues which were ripe for review during the 90-day period following issuance of the original permit. We do not address this argument, since we find that even if Homestake may petition for review of the denial of permit modification, its petition was not timely filed.
 
 
 6
 The request for modification was denied by E.P.A. on March 10, 1978. As the petition was received by the clerk of this court on June 12, 1978, it was filed four days after the statutory period expired. Homestake admits it received notice of the decision on March 15, 1978, well within the 90-day period. Homestake does not allege new grounds for modification which arose after the ninetieth day so as to bring its petition within the statutory exception. The petition for review must therefore be dismissed for lack of jurisdiction. American Ass'n of Meat Processors v. Costle, 556 F.2d 875 (8th Cir. 1977); Sun Enterprises, Ltd. v. Train, 532 F.2d 280 (2d Cir. 1976).
 
 
 7
 IT IS SO ORDERED.
 
 
 
 [1]
 E.P.A. also argues that a mere exchange of letters does not provide this court with a reviewable record, See Union Electric Co. v. EPA, 515 F.2d 206, 219 (8th Cir. 1975), Aff'd 427 U.S. 246, 96 S.Ct. 2518, 49 L.Ed.2d 474 (1976), and that even if the petition is timely filed, Homestake really requests review of the state water quality standards and basin plan, which are not among the items subject to judicial review under the terms of 33 U.S.C. § 1369(b)